**BOWDEN CONCRETE PRODUCTS, Inc., and J. E. Bowden, Appellants,**

v.

**BESSER COMPANY, Appellee.**

**No. 13071.**

United States Court of Appeals Sixth Circuit.

Oct. 31, 1957.

Caruthers Ewing, Memphis, Tenn., and Irving W. Coleman, Northampton, Pa., for appellants.

John M. Heiskell, Memphis, Tenn., and Carl R. Henry, Alpena, Mich., on the brief, for appellants.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the Western District of Tennessee for rental payments which the court held were owed by the appellants to the appellee under a contract of lease.

The contract in question was executed by the parties in 1949. Under its provisions the appellee Besser Company leased to the appellants certain machinery for the manufacture of concrete blocks. The lease was for a five year term at a stipulated monthly rental computed on the basis of appellants' production.

Shortly before the execution of this lease the United Staes had instituted proceedings against Besser and others in the United States District Court for the Eastern District of Michigan, charging a conspiracy to restrain and monopolize interstate commerce in concrete block making machinery in violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. These proceedings resulted in a judgment against Besser and others in 1951, holding that they had violated the anti-trust laws, United States v. Besser Mfg. Co., D.C., 96 F.Supp. 304. This judgment was affirmed by the United States Supreme Court in 1952. 343 U.S. 444, 72 S.Ct. 838, 96 L.Ed. 1063. To effectuate its judgment, the district court in Michigan required Besser to notify each of its lessees that the lessee might, at its option, (1) terminate its lease agreement on or before a specified date, or (2) continue under the terms of the lease, or (3) enter into an agreement to purchase the leased machinery "as mutually satisfactory to the parties concerned."

In compliance with this decree Besser notified the appellants in writing of these options available to them. The appellants did not exercise their option to cancel the lease, but continued to make monthly payments under the lease agreement. They did, however, advise Besser that they wished to purchase the machinery. Negotiations looking towards the purchase of the machinery were carried on intermittently for a long period, but the parties did not agree upon mutually satisfactory terms of purchase.

In the meantime the five-year term of the lease expired, and shortly thereafter

the appellants wrote a letter to Besser stating, "At this time we would like to advise you that it is our desire to discontinue the lease, and ask that you give us instructions to return the equipment to your plant or some other designated point that you might make." The machinery was not returned to Besser, however, but remained in the possession of the appellants, who continued to use it.

The lease agreement provided: "If this agreement expires and the Equipment is not returned by User or retaken by Besser then User shall continue to make regular monthly reports and payments as called for herein." The appellants made no payments after the lease expired in 1954, and Besser, with the consent of the district court in Michigan, filed this action in the Tennessee district court asking judgment for unpaid rentals after 1954.

The appellants contend that in entering judgment against them in this case the district court erroneously disregarded the effect of the decree entered by the Michigan district court in the anti-trust proceedings brought by the United States. We do not agree. So far as these parties were concerned the effect of the anti-trust decree was to modify the lease agreement by giving the appellants an option to cancel it within a specified time and a further option to purchase the leased machinery "as mutually satisfactory to the parties concerned." Concededly the first option was not exercised. With respect to the second option, no mutually satisfactory terms of purchase were agreed upon by the parties.

The district court found upon substantial evidence that, "neither fraud nor bad faith on the part of the Besser Company in its negotiations to agree on mutually satisfactory price for the machinery herein, is shown by evidence which is clear, cogent, and convincing, or otherwise sufficient." In view of this finding the district court correctly held that the rights of the parties were to be determined by the terms of the original lease agreement.

The judgment is affirmed.